**SO ORDERED.**

**SIGNED this 11th day of May, 2018.**



_____
Robert E. Nugent
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

JAMES ALEXANDER FLOYD, Jr.      CASE NO. 17-10435
                                 CHAPTER 7
            Debtor(s)

## ORDER DENYING MOTION TO AMEND DISCHARGE ORDER (DOC. 28)

*Pro se* debtor James Alexander Floyd, Jr. filed this case on March 27, 2017 and received a discharge of his debts on June 30, 2017. The case was closed as a "no asset" case on the same date. Mr. Floyd now moves to "amend order of discharge" to include his debt to Butler & Associates, P.A. He says he was unaware of the debt and received no notice of it until October of 2017 when Butler sent a demand letter to him.

Mr. Floyd seeks an order extending his discharge to an omitted creditor. That relief is unnecessary because, as Tenth Circuit authority holds, 11 U.S.C. § 727(b) discharges all prepetition debts of the debtor whether a proof of claim is filed by the creditor or not, except as provided in § 523(a). That section provides that an unlisted debt is not discharged if the creditor did not have notice or actual knowledge in time to file a claim. While it is likely this creditor lacked such notice, § 523(a)(3)(A) doesn't apply in a chapter 7 no asset case because there has been no claims bar date set and the case is closed; if the trustee were to discover more assets in Mr. Floyd's bankruptcy estate, the case would be reopened and Butler would have an opportunity to file a proof of claim. Only if Butler were to prove that Mr. Floyd incurred the debt by fraud or other misconduct that is sanctioned by § 523(a)(2), (a)(4), or (a)(6) would its debt be excepted from Floyd's discharge. *See In re Parker*, 313 F.3d 1267, 1268-69 (10th Cir. 2002) (Adopting the so-called "mechanical rule" where debtor's intentions

1

in omitting the creditor is irrelevant to bankruptcy court's determination to reopen a no asset case) and agreeing with the Bankruptcy Appellate Panel's analysis and conclusion that it is unnecessary to reopen no asset chapter 7 case to discharge claim, *Watson v. Parker (In re Parker),* 264 B.R. 685, 694-95 (10th Cir. BAP 2001). *See also In re Caldwell*, Case No. 98-40285 (Bankr. D. Kan. Sept. 30, 1998) (J. Pusateri) (denying motion to reopen chapter 7 case to add a creditor to the schedules).

Reopening the case to "amend the discharge" and extend it to Butler would serve no purpose because the scope of Mr. Floyd's discharge extends to all of his pre-petition debts whether claims were filed or not. Mr. Floyd would not benefit from my granting this motion.

Debtor's Motion is DENIED.

# # #

2